### HITE v. HITE.

### S. F. No. 1489; December 31, 1898.

#### 55 Pac. 900.

**Divorce—Alimony—Evidence of Marriage.—**Plaintiff and defendant in an action for divorce had never been regularly married. There was evidence that defendant furnished plaintiff a house for her residence, and lived with her there for about twenty-five years, and supplied her with necessaries of life, and that a child was born to them; that they were known as husband and wife, and held themselves out as such; and that he treated her son by another man as his stepson. These facts were corroborated by the stepson's affidavit. Counter-affidavits by neighbors denied them, and attacked the reputation for veracity and credibility of the affiants to those facts. Held, a sufficient prima facie showing of marriage to support an order of the court below for payment of alimony and counsel fees.

**Witness—Impeachment.—**Where the Court Below has Made a Finding in conformity with a witness' testimony, it is only in exceptional instances that such witness' testimony will on appeal be held to have been impeached by the testimony of others.

APPEAL from Superior Court, Mariposa County.

Action by Lucy Hite against John R. Hite. From an order granting plaintiff alimony and counsel fees defendant appeals. Affirmed.

F. J. Castelhun, W. W. Foote and Congdon & Congdon for appellant; Rodgers & Paterson for respondent.

GAROUTTE, J.—In the pending action for divorce the trial court made an order for alimony and counsel fees.

This appeal is now prosecuted by defendant from that order. The answer of defendant denies the fact of marriage, and it is now insisted upon his part that the evidence taken at the hearing does not justify the order. It is thus apparent that the question directly confronts us, What amount of evidence is necessary to justify the trial court in awarding alimony and counsel fees in a pending action for divorce, where the existence of the marriage relation is denied? Yet, in view of the future trial of this case upon its merits, where this question will undoubtedly be the all-important question to be tried and decided, we feel that the discussion of the matter upon an appeal from the preliminary order should be circumscribed within small limits. Any other course might result in embarrassment to both parties at the trial of the cause, and therefore its discussion will serve no good purpose at the present time.

There must be some evidence tending to show a marriage relation between the parties before an order similar to the one at bar should be made. It is perfectly evident that the requirements of the law demand this, or else the doors are spread wide open for the perpetration of the greatest frauds. At the same time, that degree of evidence required to establish the marriage relation at the trial is not demanded; for, if such were the law, then the material issue arising at the trial would be litigated in advance, and this in face of the fact that the money to be obtained by the order is largely to be applied in making preparation for the trial of that identical question. In Sharon v. Sharon, 75 Cal. 43, 16 Pac. 345, it is declared that the marriage should be established ''by satisfactory evidence showing at least prima facie a marriage in fact.'' We deem the foregoing statement fairly illustrative of the true rule for the guidance of trial courts. There should be evidence establishing prima facie the fact of marriage. The evidence of plaintiff upon the hearing should be such that the trial court may be able to say that a fair presumption of the fact of marriage arises from the showing. Does the evidence bring this case within the foregoing rule? There is no claim that a marriage between these parties was even regularly solemnized. The evidence tends to show that defendant furnished plaintiff a house in which to live, and that she resided there for the greater portion of twenty-five years; that he supplied her

during this time with the necessaries of life; that he lived with her during a great portion of this time, and a child was born to them. One Westfall testifies that plaintiff and defendant were known in that neighborhood and adjoining counties as husband and wife; that plaintiff was everywhere called "Mrs. Hite, and Lucy Hite, wife of John R. Hite," and that plaintiff and defendant "held themselves out to the world, and were always treated, as husband and wife"; that defendant always treated Thomas Gibbs, a son of plaintiff, as a son in every way, and "said Gibbs has always been considered and reputed amongst those who knew him and the plaintiff and defendant herein as the stepson of defendant John R. Hite." A stronger affidavit than the one from which we have just quoted, and upon the same general lines, was made by Thomas Gibbs, son of plaintiff by another man. If the facts stated in these two affidavits be true, then the marriage relation between these parties, for the purposes of this appeal, at least, may well be presumed to exist. Defendant offered affidavits from various residents of the community where plaintiff resided, in direct contradiction to the evidence of Westfall and Gibbs. He also attacked Gibbs' veracity by producing affidavits of various residents of that community to the effect that his general reputation in this regard was bad. But, as to this impeaching evidence, we are clear that it was essentially a matter for the trial court to weigh and estimate; and it would only be in a most exceptional case that this court, in the face of a contrary finding of the trial court, would hold the evidence of a witness impeached by testimony of other witnesses as to his general bad reputation for truth, honesty and integrity. Such a case is not presented here.

Upon all the evidence before us, taken together, we will not disturb the order of the trial court. At the same time, by so holding we do not intimate that a finding of fact that the marriage relation existed between these parties, based upon the showing disclosed by this record, would be sustained by this court if attacked upon appeal from the final judgment. Suffice it to say, upon the showing here made this court will not hold the testimony of Gibbs and Westfall, taken in connection with other facts which are substantially admitted by defendant, insufficient to support the order. Notwithstanding the hearing was had upon affi-

davits, the trial court is entitled to take a somewhat broader view of the case than is allowed to this court upon appeal; and, notwithstanding it may be conceded that the showing here discloses a preponderance of evidence against the fact of the existence of the marriage relation between these parties, still such preponderance does not necessarily take the case out of the rule by which we should be governed. Weighing the evidence favorable to the support of the order of the trial court which we have quoted in a general way from the record, we are not prepared to say that a prima facie case of marriage, sufficient to support a preliminary order for alimony and counsel fees, was not made out. There are bad spots in plaintiff's case, which no doubt will be given due consideration when squarely presented before the trial court upon the merits. We refrain from touching upon them at this preliminary hearing. There is no merit in the remaining contentions raised by appellant. For the foregoing reasons, the order is affirmed.

We concur: Harrison, J.; Van Fleet, J.